NOT FOR FULL-TEXT PUBLICATION
File Name: 10a0035n.06

No. 08-1629

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 21, 2010
LEONARD GREEN, Clerk

MARY SUE GJOKAJ,

     Plaintiff-Appellant,

v.

CROSSMARK, INC.,

     Defendant-Appellee.

_____/

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF MICHIGAN

BEFORE:  SUHRHEINRICH, COLE and GILMAN; Circuit Judges.

     **SUHRHEINRICH, Circuit Judge.**  Plaintiff Mary Sue Gjokaj (Gjokaj) appeals the district court's grant of summary judgment in favor of defendant CROSSMARK, Inc. (CROSSMARK). We Affirm.

     Gjokaj, an at-will employee, worked as an Office Manager/Human Resources Coordinator in CROSSMARK's Detroit, Michigan office.  She was terminated after attending a court hearing where a CROSSMARK employee having an affair with a co-worker sought a personal protection order against the co-worker's wife for sending her threatening letters.  Gjokaj did not inform CROSSMARK about the hearing until after it occurred.

     CROSSMARK terminated Gjokaj due to a loss of confidence in her ability to perform her duties as Human Resources Coordinator.  Specifically, CROSSMARK maintains that it lost confidence in Gjokaj for three reasons: (1) the failure to report an affair between two employees, (2) the failure to report letters that potentially posed a safety threat to another employee and the office,

and (3) attending a court hearing involving two CROSSMARK employees without informing CROSSMARK, where her attendance was perceived to be on behalf of the company.

Gjokaj contends that the reasons given were pretextual and that the true reason CROSSMARK fired her was because she went to court. Gjokaj claims that (1) her termination violated a Michigan public policy protecting an employee's right to go to court and (2) her attendance at the hearing was a protected activity under the Michigan Elliott-Larsen Civil Rights Act. M.C.L. §§ 37.2101-37.2804.

We agree with the district court that neither claim provides Gjokaj with a viable cause of action, and find the district court's analysis on both of these claims persuasive. Additionally, we note that consideration of the federal witness-tampering statute, 42 U.S.C. § 1985(2), does not alter our view of the district court's decision. Even if we assume that Gjokaj did not waive her right to argue that the Michigan public policy derives from § 1985(2), and we assume that a federal statute can provide the legislative foundation for a Michigan public policy in this circumstance, consideration of § 1985(2) would not alter our conclusion because the federal statute is substantively similar to the state statute.

Accordingly, we **AFFIRM** the judgment of the district court for the reasons stated in its well-reasoned opinion dated April 10, 2008.